that the defense counsel suggested, it would have reached the same conclusion. It would have. But you didn't make a self-assessment. What did I say? You gave us so many guidelines. Okay, don't make it one more. How do we go to the court really by doing so little to that? Try it again. We had calculated the criminal history for a lot of folks. Yeah. Well, the worst case... Take him on. It's coming on slowly. Ms. Shetty suggested that... Okay. Because there was an intervening arrest, that the offenses were considered in a way that this should be scored together rather than separately, and the judge closed it by his reading. And in fact, later on, he did note that the defendant's criminal history was not in the words of the... And...  That was the best constitution, why? That if there was no intervening arrest, that they had to treat it as a one-off. That's correct. I was disputing that, but I don't think that the court, I don't think the United States District Court, that a district court has to apply the guidelines in such a rigid, ritualistic way. Well, because I guess it's already said, the first step is to correctly calculate the guidelines. And in fact, it's never the position that he did correctly calculate the guidelines, because he had the discretion under the application no. 3 to do exactly that. I think you're correct. No, I was going to say, if he corrected... If he corrected something in the guidelines, he's only going to argue harmless there. I think it's an alternative argument. Even if it's perfectly fine, but sometimes it's just a particular... In other words, he should have gone to the ritualistic application of the guidelines under 480.2 and then applied the exceptions. That would still be harmless, because the judge ultimately would have applied the exception based on the current reason in the record. It needs to be the decision of the judge. Yes, but I think the court judges are very meticulous about this. I mean, in terms of setting forth if there belongs to DBA or an application, they'll apply. They're generally pretty meticulous about setting forth why they'll come to the district court. Well, it's not common in district courts, when they're applying upper departure, to go through a checklist of guidelines and then apply upper departure. In the case, for example, when substantial risk upper departure, a plus 6 for a smuggling of aliens, when there's substantial risk... It's not a common practice for district courts to go through the calculation without applying to the point of substantial risk, and then find this after doing the calculation. I was wondering about a plus 6, or a plus 4, or a plus 2, with the guidelines that's been stated for that time. You know, it's usually very easy to follow how the district court got to those four. In the criminal history floor, it says, you know, here's what we're including, and here's what I want to include. Well, I agree. It's not clear from the record. He didn't cite application number 3. In fact, there was no discussion of 4A1.2, other than what was in the papers on this day. But let me point out, on the harmless error issue, one of the points she argued in the briefs was that there was no notice that there was a violation of Rule 32, because she didn't know the district court was going to do this. But the fact is that the PSR, in these cases, were lined up by the district courts. Specifically, the county, he said this is separate. She was on notice that the district court was contemplating doing this. In fact, she filed an objection and requested, she termed it a downward departure. And in a sense, the court treated it as a downward departure and said that the criminal history was not going to represent it. But she was on notice that this was before the court. And the court, when the other issue came up, the court stated it in the red papers and said, I disagree with you. Is it fair to say that symptoms that took place when the guidelines were changing and that all of that is not part of this? That's correct. It's certainly possible. I mean, the government's willing to concede that it's possible. The government is very conceding. The court was not aware of the change in the law. But this is the important point, is that under the change in the law, the district court had the discretion to do what it did. It didn't supposedly cite that application in their opinion. But I'm not sure that's error. I mean, it's clear from the records that the court, by its reasoning, by its objection and the defendant's argument, that it would have come to sentences separately. And so the government's point is that even if you see some sort of procedural error, that the position of the court should have gone through this sort of step-by-step process of guidelines, I think it's clear from the record that the court, the district court, was comfortable in treating the sentences separately and scoring them separately and giving the defendant a higher criminal history category than was requested by the defense. So what do we do if it looks like the judge may have obtained the result that he wanted but for the wrong reasons? Was he innocent to which point? Well, I don't think that, well, maybe he wasn't for the wrong reasons. It's really clear. It's really clear. Even when I read that I disagree. If you go back to the sentence, would it be lower? Does he disagree with the related sentence? Even that's what we want to make sure. Well, we're going to suddenly appropriate it if there's clear error. That's the standard, clear error. Where's the clear error? It's not clear from the record. But there was a clear error. What would be wrong with allowing the district court to explicitly, now that the record has been flushed out, say what his name is in terms of the sentence? What would be behind that? If this court is in conflict with what happened, the United States, if you believe him, then the United States is not going to strenuously object to what he did. And ask the court to do a do-over. I think it would reach the same result that it reached in this case previously. But let me just point out one thing. The defense, in claiming that there was error, that the court should have applied in a more ritualistic, step-by-step manner, the guidelines. The cases cited by the defense are cases where the application of the guidelines was mandatory. Three cases cited, Armistead, Seltan, and Grissom. All three of them involved provisions of the guidelines where the provision was mandatory. For example, in Armistead, the district court, under the guidelines, was required to give credit for trying to serve on state sentences. And the court in that case didn't do that. The court never went to the step, and the Ninth Circuit said, that's error. In the Seltan case, the district court was required to sentence repeat sex offenders against minors under criminal history category 5, under the guidelines. The government appealed, and the district court said, the district court's failure to follow that provision required remand. This is not a mandatory provision. There's clearly, in the guidelines in this case, discretion for the district court not to apply the mandatory provision. And for that reason, I think remand is not required. And frankly, I think it would be a waste of time, because I think the district court, at least on this record, clearly did not want to treat these sentences as separate or together. I don't understand your question. Is it the government's position that the district court has refused to apply the 481.2.82? I don't think it's written record that he, you know, whether or not he knew there was a change in the law. But if it's this court's conclusion. I don't know what the government's position is. If you have a change in the law, this is the provision. Did these sentences satisfy page 2 in the guidelines? Yes, Your Honor. If you did, then why? Because the sentences can be treated separately under application no. 3. There's an exception. OK. But before we get to application no. 3, did you violate page 2, but for? It's not clear from the record. But we have to. But it is clear that the sentences were imposed on the same day, and that they were in the same parking space. Well, the first step is to conclude that there was an intervening arrest. In fact, that the pending case was given a notice to appear. And you could argue, I'm not ready to fight over there, but you could argue that giving a summons to those who appear is a punctual equivalent to an arrest. I mean, one of the reasons that this. I don't think the government wants to go argue that. You may have a lot of consequences on the case. Well, one of the reasons that the sentencing commission adopted the intervening arrest was that. The point of having a true counsel is that the district court has the discretion to give an upward departure. And the district court did not announce that it was giving an upward departure. That's correct. I mean, the provision that the exception is actually termed upward departure. I'll note, though, that there is a pending amendment to this exact provision that is going to take up the language of upward departure, instead of simply saying multiple sentences. And maybe that's reflected by the sentencing commission that this should be treated as an upward departure. However, if you can't argue, there's also a pending amendment that would clarify the meaning of arrest to not mean a notice of appeal. So I'm not arguing that notice of appeal is not an intervening arrest. It's just simply, it's not clear from this record that the court will use it. And under the clear error statement, I think notice of appeal is exclusive to the only one there. And it's not clear from the record that there was. And we're over. I just want to emphasize this point. I don't think that the error in this case was not harmless. I do believe it's harmless. Thank you, counsel. Thank you very much. This was a good time. In all the states, I'm a district court judge on the panel. And usually, when I look at the future and try to envision my case being discussed before three people of this nature, I say something to the point. Any judge or either of them, I think, looking at the totality of circumstances that this category would apply either way. I'm looking to see if that's what this judge did. And it's not quite clear whether this language meets that criteria. And he says, I would, well, it's just a little unclear. It may be that the judge meant when he said, I'm comfortable that this is before the hearing. Or it may not be. And, you know, the district court judge had to kind of get used to making these stubborn comments that I'm not sure is here or not. So what do you think? Your Honor, based on the record that the judge gave, even if I disagreed with your interpretation of the guideline, I would have nevertheless imposed the same sentence. He doesn't. He simply said he disagrees that the prior sentences should be counted as one where there's an intervening arrest and they're going to close on the same day. Now, speaking to Section 481.2, it doesn't, the future petition doesn't depend on the fact that there's a notice to appear in this case. August 8th, Mr. Avalos helped assist a robbery. August 9th, he stole items from a Walmart. On August 14th, he didn't get a notice to appear. August 14th, he was then arrested. So there is no intervening arrest between committing the first offense and the second offense. He wasn't arrested for the robbery before he committed the petty offense. So that's a circumstance here. And the government doesn't really dispute that he called Section 481. Again, those crimes, there's no apparent connection between those two crimes. They're not related to us. Well, the government doesn't speak to them. I understand. I just want to make sure we have the facts on that. There's, you know, they're both, they're in their Walmarts. There's no apparent connection between those two crimes. They're on an adjacent day, and it's sort of fortuitous for your client that there was not an intervening arrest and that the state decided to charge him in the same document for both crimes, even though they were unrelated. Had the state, had there been an intervening arrest, or had the state decided to charge him in two different documents, we wouldn't be here today. Well, the theory behind the guideline location is that a defendant who commits the second crime after being arrested for the first crime is more culpable and has very little responsibility. So that's the purpose of the guideline. And the guideline does not dispute that. It wasn't really a question about culpability in helping to drive a robber car, right? So that's, probably culpability is a wrong word. Well, the theory is that, you know, if you've been arrested for something, then you're charged with something, you do have to commit something, you know, if that's what you say. And so that's the theory. I do want to make sure that answers my question, because I didn't get it. So, if there had been an intervening arrest between these two actions, or if the state had decided to charge him in two different documents for his own convenience, or if the state had decided to do so in a different document, we would not be here today. Sorry, yes, that is correct. But you know what's not? On that issue, but we should be arguing the minor role in the 31st sentence of our reading. We haven't talked about the other two points. So I'd like to submit on those two issues, and focus on criminal history. Okay. The judge can have discretion to score a stop loss at a point that's a similar set rather than five. And so there is discretion to assign five, seven points when he really is fighting one. There is discretion to increase the basis, to increase the criminal history travel. But that's not what the judge did. He did reference that. In fact, in sentencing these charges, he did reference other sentencing guidelines provision. He did find that plus six was a substantial risk. He clearly stated it. He did not clearly state any upward departure provision. That's not clear from the reference. So a remand is appropriate in this case. And just one final thing, if I could just have a few seconds. The government logic presupposes that procedural error is involved, because the judge always has discretion to impose upward and downward departures. But he said that it's wrong that the same sentence would be imposed if there was a remand. But that suggests that the end result is the only thing that counts. Procedural error, he supposes, despite the court sending the discretion. The process maps. Well, that's as hard as there is. I mean, if we were convinced that the judge had said, regardless, I would get the same sentence, regardless of whether or not there was a procedural error, the regularity, that would be harmless error. That remand would not be harmful. But that's not the case here. The court imposed a guideline sentence based on a new calculation of the guideline. In this type of situation, the error can't be harmless. All right. Thank you, Your Honor. We thank you to both counsel's cases. Arguments have been opposed. This has been a matter for the court.
judges: Rawlinson, Bybee, Beistline